**Andrea ZABALA–CALDERÓN,**
**Plaintiff**

v.

**UNITED STATES of America;**
**et als., Defendants.**

Civil No. 06–1249 (JAG).

United States District Court,
D. Puerto Rico.

Dec. 30, 2008.

Luis R. Rivera–Rodriguez, Luis Rafael Rivera Law Office, Michelle Annet Ramos–Jimenez, Rivera Law Office, San Juan, PR, for Plaintiff.

Lisa E. Bhatia–Gautier, U.S. Attorney's Office, District of Puerto Rico, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is United States of America's ("Defendant") Motion

for Summary Judgment. (Docket No. 38). For the reasons set forth below, the Court **DENIES** Defendants' Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2000, Andrea Zabala–Calderón ("Plaintiff") was transported, from the Metropolitan Detention Center ("MDC") to the United States District Court for the District of Puerto Rico, in a bus managed by the United States Marshal Service ("USMS"). While Plaintiff was being transported she was fully restrained with handcuffs, belly chain, and leg irons (shackles). To exit the bus the Plaintiff had to use a short set of steps. Plaintiff alleges the distance between the last step and the ground was approximately 1′ high. As Plaintiff was stepping down from the bus she fell to the ground and allegedly sustained several injuries, among them, injuries to her knees, left leg, hip and lower back area. Plaintiff avers this incident was witnessed by USMS personnel, other employees and inmates. Immediately after the fall, Plaintiff was taken to the Metropolitan Hospital where she received medical attention.

On March 1st, 2006, Plaintiff filed a complaint seeking injunctive relief and $208,000 in damages for the injuries she suffered as a result of the accident pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. 1332. (Docket No. 1). On March 12, 2008, Defendant filed a Motion for Summary Judgment (Docket No. 38). Plaintiff filed an opposition to the Motion for Summary Judgment on April 30, 2008.[1] (Docket No. 48).

1. The opposition includes a sworn statement by Plaintiff that controverts, in numbered paragraphs, the Statements of Material Facts included in the Defendant's Motion for Summary Judgment. However, the opposition lacks record citations as required by Local

Plaintiff alleges in her complaint that Defendant was negligent because 1)USMS personnel placed on Plaintiff a set of shackles which was too short for a female to step down from the bus; 2) USMS personnel or other employees present during the incident did not assist her as she was stepping down the bus, causing her to fall to the ground and suffer injuries; and 3) Defendants failed to follow the standard of care and skill in the transportation of inmates from a Federal Institution to a Federal Courthouse.

## STANDARD OF REVIEW

I. *Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure states, in its pertinent part, that the Court may grant summary judgment only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." *Sanchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir.1996) (internal quotations and citations omitted). In determining whether any genuine issue of material fact exists, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in the party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once a properly supported motion has been presented before the Court, the burden shifts to the opposing party to demonstrate that a trial-worthy issue exists that would warrant the Court's denial of the motion for summary judgment. *Id.* For issues where the opposing party bears the ultimate burden of proof, the party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 52 (1st Cir.2000).

It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Therefore, "a party opposing summary judgment must 'present definite, competent evidence to rebut the motion'". *Maldonado–Denis v. Castillo–Rodríguez*, 23 F.3d 576, 581 (1st Cir.1994) (quoting *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991), *cert. denied*, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992)). The Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990). "If no genuine issue of material fact emerges from this perscrutation, then the case may be ripe for summary adjudication." *Suarez*, 229 F.3d at 53.

Rule 56(e). Since, in this particular case, the lack of record citation does not preclude this Court from determining whether there are triable issues of material fact nor does it force the Court to "ferret through the records" we will exercise our discretion and accept Plaintiff's opposition as properly filed. *See, Alsina–Ortiz v. Laboy*, 400 F.3d 77, 80 (1st Cir. 2005)

## DISCUSSION

■ The Federal Tort Claims Act ("FTCA") provides district courts with original jurisdiction of "civil actions and claims against the United States ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C.A. § 1346(b). Under the FTCA the United States government can only be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Courts have interpreted that "the law of the place where the act or omission occurred" means that the federal court must apply the "whole law" that a state court would apply in an analogous tort action. The "whole law" includes state law and any applicable federal law. *Cabán v. United States*, 728 F.2d 68, 72 (2nd Cir.1984).

■ Puerto Rico's negligent actions are governed by Article 1802 of the Puerto Rico Civil Code. Article 1802 states that, "a person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 P.R. Laws Ann. § 5141 (1990). In order to prevail in a tort action a plaintiff has to establish the following elements: 1) a negligent act or omission, 2) damages, and 3) a causal relationship between them. *Irvine v. Murad Skin Research Lab.*, 194 F.3d 313, 321 (1st Cir.1999). Negligence has been defined by Puerto Rico local courts as "the failure to exercise due diligence to avoid foreseeable risks." *Id.* Therefore, not all actions or omission result in a liability under Article 1802. A defendant will only be found liable in the situations were the damages complained were reasonably foreseeable. *Id.* The omission that generates a liability

under Article 1802 happens when "the law imposes a duty of care requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risk." *F.C. Imports, Inc. v. First Nat'l Bank of Boston, N.A.,* 816 F.Supp. 78, 94 (D.P.R.1993). To determine if a defendant has incurred in negligent civil responsibility due to an omission the following factors will be taken into account: 1) whether the defendant had a legal duty to act, and 2) whether the alleged damage would have been avoided if defendant had acted as required by law. *Arroyo López v. E.L.A.,* 126 D.P.R. 682 (P.R.1990)

■ As an Exhibit to the Motion for Summary Judgment Defendant provided a sworn declaration by Deputy U.S. Marshal Cándido Rodríguez ("Mr. Rodríguez"). In his sworn declaration Mr. Rodríguez states that the shackles placed on the Plaintiff at the time of the incident were the standard ones used by the USMS. Mr. Rodríguez also provided a version of the incident that differs from the one provided by the Plaintiff. He alleges that the bus was parked on an elevated curbside making it easier and safer for inmates to step out of the bus. As Plaintiff was about to exit the bus, he allegedly told her not to jump. However, Plaintiff disregarded his instructions and proceeded to exit the bus by taking a small jump which caused her to lose her balance. Moreover, Mr. Rodríguez alleges that he assisted Plaintiff before she hit the ground by catching her by the arm, thus reducing the intensity of the impact during the fall.

■ With two different versions of the events before the Court, it is clear that a credibility determination is necessary to dispose of the matter before the Court. A credibility determination is not a proper one to make when ruling on a motion for summary judgment. *Anderson,* 477 U.S.

at 255, 106 S.Ct. 2505. Since when adjudicating a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," we conclude that there are genuine issues of material fact and this case is not ripe for summary adjudication. *Id.*

### CONCLUSION

For the reasons stated above and after reviewing the record in the light most favorable to the party opposing the Motion for Summary Judgment, this Court **DENIES** Defendant's Motion for Summary Judgment. (Docket No. 38).

IT IS SO ORDERED.